UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACQUELINE UNTERREINER, an Individual,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Company; ROE ENTITIES I-X,<br><br>　　　　　Defendants. | Case No.: 2:13-cv-01994-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 17) filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). However, because the Court lacks subject matter jurisdiction over the case, the Court remands this case to the Eighth Judicial District Court.

**I.   BACKGROUND**

Plaintiff Jacqueline Unterreiner ("Plaintiff") originally filed her complaint in state court on July 28, 2013, alleging breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing. *See* (Compl., ECF No. 1-1).  In her Complaint, Plaintiff alleges that on August 8, 2011, she was involved in a motor vehicle collision caused by a hit-and-run driver. (*Id.* at ¶¶ 5–8).  She further alleges that after the accident, she "felt a little sore" but did not believe she needed medical treatment. (*Id.* at ¶ 9).  However, a few days later she began experiencing dizziness and vertigo and sought medical treatment. (*Id.* at ¶¶ 10–12).

At the time of the collision, Plaintiff had an automobile insurance policy with State Farm. (*Id.* at ¶ 13).  However, when she submitted a demand for her medical bills on July 15, 2012,

State Farm denied her claim. (*Id.* at ¶¶ 14–15).

On October 30, 2013, State Farm removed the action to this Court asserting that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). (Not. of Removal 2:1-5, ECF No. 1). Specifically, State Farm asserts that Plaintiff is domiciled in Nevada and that Defendant State Farm is domiciled in Illinois. (*Id.* 2:6-9.) State Farm further asserts that "the matter in controversy exceeds the sum of $75,000.00." (*Id.* 2:10). State Farm bases this assertion on the fact that its Plaintiff's policy limits are $50,000 per person and that "the contractual limits of the policies, as well as the claimed punitive and tort damages are sufficient to exceed the jurisdictional limit." (*Id.* 2:10-19).

On January 13, 2015, after reviewing State Farm's Notice of Removal (ECF No. 1) and Statement Regarding Removal (ECF No. 8), the Court entered an Order to Show Cause why the case should not be remanded to the state court for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 21). Specifically, the Court requested that State Farm provide additional basis for its assertion that the case involved the requisite amount in controversy. (*Id.*). Subsequently, on January 26, 2015, State Farm filed a Response to this Court's Order to Show Cause. (ECF No. 22).

## II.     **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

District courts have jurisdiction in two instances. First, district courts have subject matter

jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  "Removal statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

### III.     DISCUSSION

In this case, State Farm bases its removal of the action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  However, State Farm has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case.  Although State Farm established that the diversity of citizenship requirement is satisfied, it failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In its Response to the Court's Order to Show Cause (ECF No. 22), State Farm asserts that "[i]t is clear that the cumulative value of Plaintiff's claims as pled far exceed this Court's jurisdictional minimums of $75,000.00, especially in light of extra-contractual or bad faith

claims, and the allegation of punitive damages . . . ." (Resp. to OSC 2:21-23, ECF No. 22). However, the few facts relied upon by State Farm to justify that assertion instead support the opposite conclusion.

According to State Farm, Plaintiff has asserted "past medical specials in the total amount of $6,506.75 . . . with lost wages alleged for at least, approximately $600.00." (*Id.* 5:2-4). Additionally, Plaintiff's Complaint seeks "in excess of ten thousand dollars" for each of her three claims. (Compl. ¶ 38, ECF No. 1-1). Based only on these two facts and Plaintiff's policy limits of $50,000 per person, State Farm asserts that "it is anticipated that Plaintiff will seek $30,000 - $50,000 in general damages alone." (Resp. to OSC 5:1-14, ECF No. 22). However, State Farm appears to be ignoring the fact that each of Plaintiff's three claims is merely an alternative of the other two, so any damages received under one claim would be duplicative of the other. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 404 (Cal. Ct. App. 1990) (finding a claim for breach of implied covenant of good faith to be a duplicative claim for contract damages);[1] *Jogani v. Superior Court*, 911, 81 Cal. Rptr. 3d 503, 511 (Cal. Ct. App. 2008) (noting that unjust enrichment is just an alternative theory for calculating damages, not a separate cause of action); *see also Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 248 (Nev. 2008) ("While plaintiffs are permitted to plead alternative or different theories of relief based on the same facts, plaintiffs may not recover more than their total loss plus any punitive damages assessed.") (internal quotations omitted); *c.f. Lopez v. Musinorte Entm't Corp.*, 434 F. App'x 696, 699 (9th Cir. 2011) ("Under Arizona law, a plaintiff can pursue an unjust enrichment claim as an alternative theory of recovery in conjunction with a breach of contract claim, subject, however, to only one recovery."). Accordingly, Plaintiff appears to have only asserted special damages in the amount of approximately $7,100, which she alleges entitles

---

[1] Nevada courts often look to California law where Nevada law is silent. *See Commercial Standard Ins. Co. v. Tab Constr., Inc.*, 583 P.2d 449, 451 (Nev. 1978).

her to general damages in excess of $10,000, and there is no evidence supporting State Farm's claim that Plaintiff will seek $30,000–$50,000 in general damages alone. Such a blanket assertion "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [State Farm's] burden of setting forth . . . the *underlying facts* supporting its assertion that the amount in controversy" has been met. *Gaus*, 980 F.2d at 567; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a Defendant's statement in the Notice of Removal that "upon information and belief, it submits that the amount in controversy . . . exceeds $75,000.00" is insufficient evidence to establish that it is more likely than not that the amount in controversy exceeds that amount) (internal quotations omitted).

State Farm is correct that Plaintiff's request for punitive damages and attorney's fees must also be taken into account when determining the amount in controversy in a case. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that, among other things, any exemplary or punitive damages or attorney fees that are sought in the complaint are included in the calculation to determine the amount in controversy). "However, the mere possibility of a punitive damages award is insufficient to prove the amount in controversy requirement has been met." *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012). A defendant must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004). To establish that the punitive damages will more likely than not exceed the amount needed to increase the amount in controversy above $75,000, a defendant must present evidence of probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases. *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Likewise, "for a court to consider attorneys' fees in its calculation of the amount in controversy, the defendant must provide factual support for its argument that such fees should be considered." *McCaa*, 330 F. Supp. 2d at 1150.

Here, State Farm has failed to provide any information establishing that the amount sought in attorneys' fees or punitive damages would result in the amount in controversy exceeding the statutorily required amount.  Instead, State Farm supports it contention that these damages will push the amount in controversy over the jurisdiction amount by hypothesizing that "[i]f Plaintiff seeks to 'punish' a large corporation like State Farm[,] then clearly an amount in excess of $75,000.00 would be requested by Plaintiff." (Resp. to OSC 6:2-4, ECF No. 22).  Such unsubstantiated speculation, however, is not evidence that punitive damages and attorneys' fees will more likely than not cause the amount in controversy to exceed $75,000.

For these reasons, State Farm has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and the case must be remanded to state court.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that this case is hereby remanded to the Eighth Judicial District Court.  The Clerk of the Court shall remand this case back to state court and thereafter close this court's case.

**DATED** this 29th day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge